JOHN I. GORDON, State Bar No. 138483
  john@gordonlawoffice.net
GORDON LAW OFFICES
10880 Wilshire Blvd., Suite 1101
Los Angeles, California  90024
Telephone: (310) 307-4975
Facsimile: (213) 625-2650


PAUL S. MARKS, State Bar No. 138407
  pmarks@neufeldmarks.com
EVA WONG, State Bar No. 235356
  ewong@neufeldmarks.com
NEUFELD MARKS
  A Professional Corporation
315 W. 9th Street, Suite 501
Los Angeles, California 90015
Telephone:  (213) 625-2625
Facsimile:   (213) 625-2650

Attorneys for Defendant Changzhou
Nanxiashu Tool Co. Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT L. WEBB,<br><br>    Plaintiff,<br><br>    vs.<br><br>CHANGZHOU NANXIASHU TOOL CO. LTD.,<br><br>    Defendant. | Case No. 2:17-cv-07590-VAP<br><br>DECLARATIONS OF:<br><br>1. JOHN I. GORDON; and<br>2. PAUL S. MARKS<br><br>IN SUPPORT OF MOTION TO VACATE DEFAULT JUDGMENT<br><br>*[Notice of Motion and Motion to Vacate Default Judgment; Exhibits; and Proposed Order filed/lodged concurrently herewith]*<br><br>(Hon. Virginia A. Phillips)<br><br>Date:    February 26, 2018<br>Time:   2:00 p.m.<br>Place:  Courtroom 8A |

DECLARATIONS

## DECLARATION OF JOHN I. GORDON

I, John I. Gordon, declare as follows:

1. I am an attorney at law licensed to practice in the State of California, State Bar No. 138483.

2. I have been retained by defendant Changzhou Nanxiashu Tool Co., Ltd. ("Defendant") together with my co-counsel, Paul S. Marks, Esq., to defend Defendant and seek relief with respect to the Order of Default Judgment and Permanent Injunction and Opinion and Order and Supplemental Judgment entered against Defendant in the United States District Court for the District of Oregon (Case No. CV 11-747 BR; 3:11-cv-00747-BR) and Writ of Execution to enforce said judgment against Defendant on behalf of Vincent L. Webb ("Webb") from the United States District Court, Central District of California (Case No. 2:17-cv-07590-VAP) and Notice of Levy under Writ of Execution and Memorandum of Garnishee to Harbor Freight Tools USA, Inc. (together, the "Actions");

3. On January 18, 2018 at approximately 10:00 a.m., Mr. Marks and I called Stephen J. Joncus, Esq. and Richard O. Evanns, Esq., attorneys of record for Webb in the Actions, and left messages informing each of them that we have been retained by Defendant and intend to file ex parte motions as early as Friday, January 19, 2018 in the United States District Court of the Central District of California seeking an order staying enforcement of the judgment pending hearing on a noticed motion to vacate the judgment. We informed them that notice was being given to them for the purpose of complying with local rules of court requiring that the party seeking relief contact the opposing counsel in order to notify and attempt to resolve the matter without the need for court action. On the same day, I followed up with an email to each of Messrs. Joncus and Evanns with the same information as stated above.

4. Later that same afternoon, Mr. Marks and I had a telephone conference with Messrs. Joncus and Evans and notified them of our intent to file ex parte

motions as stated above. We also discussed with them our legal basis for requesting that the judgments and orders referred to above be set aside or stayed. We told Messrs. Joncus and Evans that we would consider, subject to agreement of our client, not filing our action in the US District Court for the Central District of California and instead preceding in the first instance in the US District Court for the District of Oregon if they agreed to a stay of enforcement and non-disbursement of any seized funds to Mr. Webb, so that the funds can be safeguarded pending determination by the court of our requests for relief. Messrs. Joncus and Evans offered to consider our request, and asked us to send authority supporting our position, which we did.

5. The following day, Mr. Joncus sent a formal proposal responding to our request. The proposal claimed confidentiality of settlement discussions. Without disclosing the contents of the email, I can inform the court that the parties have been unable to reach an agreement for a stay pending determination of our motion to vacate the judgment, despite good faith efforts of all counsel.

6. Also on the following day, prior to receiving Mr. Joncus' proposal as stated above, I sent an email to Messrs. Joncus and Evanns notifying them that we planned to file our motions on Monday, January 22, 2018 instead of Friday, January 19, 2018.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 22, 2018, at Los Angeles, California.

                               /s/ John I. Gordon
                               John I. Gordon

NEUFELD MARKS
A PROFESSIONAL CORPORATION
315 W. 9th Street • Suite 501 • Los Angeles, California 90015
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

## DECLARATION OF PAUL S. MARKS

I, Paul S. Marks, declare as follows:

1. Attached hereto as Exhibit 1 is a true and correct copy of the docket report from the case of *Vincent L. Webb v. Trailer City, Inc., Dan E. Walker, and Changzhou Nanxianshu Tool Co., Ltd.*, United States District Court, District of Oregon, Portland Division, Case No. 3:11-CV-00747-BR. Also attached hereto as exhibits 2-18, are key documents from that Oregon case including the Complaint (Dckt. #1), the Motion for Default Judgment and supporting documents (Dckts. #11-16), the Motion to Reopen Case and an Order to Show Cause Why Defendant Should Not be Held in Contempt and supporting documents (Dckts. #18-21; 23-24), Supplement Brief in Support of Damages Award (Dckts. #26-27), Order (Dckt. #29), Supplemental Memorandum in Support of Damages Award (Dckt. #36), the Opinion and Order (Dckt. #37), and the Supplemental Judgment in the Oregon Case (Dckt. #38).

2. Attached hereto as Exhibits 19 and 20 are, respectively, the registered Oregon judgment filed in this district (Dkt. #1), and the garnishment papers prepared by Harbor Freight Tools (Dkt. #19 and 20), showing several hundreds of thousands of dollars payable to defendant.

3. In our conference call of January 18, 2018, plaintiff's counsel Mr. Evanns told us that he understood the monies listed in the Harbor Freight Tools Garnishment Memorandum were in the possession of the United States Marshall.

4. In researching this matter, my office conducted numerous searches of federal government databases to try to determine whether Vincent L. Webb was the owner of any registered trademarks, trade dress, patents, patents pending, or copyrights. Searching the relevant databases of the Patent and Trademark Office and the Copyright Office, we were only able to find word/design marks for UtilityMate and UtilitySport. We found no patents, no patents pending, no registered trade dress, and no registered copyright owned by Vincent L. Webb. I am an attorney duly admitted to practice before this Court. I am a partner with

Neufeld Marks, attorneys of record for Defendant Changzhou Nanxiashu Tool Co. Ltd.. If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 22, 2018, at Los Angeles, California.

                                          /s/ Paul S. Marks
                                          Paul S. Marks