UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

JS-6

| | |
|---|---|
| Case No. **CV 17-7590-VAP** | Date January 26, 2018 |
| Title ***Vincent L. Webb v. Changzhou Nanxiashu Tool Co., Ltd.*** | |

Present: The Honorable  VIRGINIA A. PHILLIPS, CHIEF UNITED STATES DISTRICT JUDGE

| Beatrice Herrera | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS)  MINUTE ORDER DENYING (1) EX PARTE MOTION TO STAY ENFORCEMENT OF JUDGMENT PENDING HEARING ON MOTION TO VACATE JUDGMENT, (DOC. NO. 23); AND (2) MOTION TO VACATE DEFAULT AND DEFAULT JUDGMENT, (DOC. NO. 26)**

On September 7, 2017, Plaintiff Vincent L. Webb ("Plaintiff") registered a default judgment in the amount of $6,399,540.00 from the District of Oregon adjudged against Defendant Changzhou Nanxiashu Tool Co., Ltd. ("Defendant") in this Court.  On January 22, 2018, Defendant filed an Ex Parte Motion to Stay the Enforcement of Judgment pending a Hearing on Defendant's Motion to Vacate Judgment.  (Doc. No. 23 ("Motion").)  On January 23, 2018, Plaintiff opposed the Motion.  (Doc. No. 25 ("Opposition").)  The same day, Defendant filed its Motion to Vacate Default and Default Judgment, noticed for hearing on February 26, 2018.  (Doc. No. 26.)

Defendant brings its Motion pursuant to Federal Rule of Civil Procedure 62(b)(4), which states, "On appropriate terms for the opposing party's security, the

court may stay the execution of judgment – or any proceedings to enforce it – pending disposition of . . . [a motion] under Rule 60 for relief from a judgment or order." Fed. R. Civ. P. 62(b)(4).

Here, Defendant contends that the default judgment from the underlying action, which was brought in the District Court of Oregon, should be set aside because that court never acquired jurisdiction due to Plaintiff's failure to properly serve the Defendant with process. (Mot. at 3.) Plaintiffs argue service was proper, and, in any case, the District Court of Oregon is the proper venue for Defendant's Motion to Vacate the Default Judgment. (Opp'n.) The Court need not reach the merits of the Ex Parte or the Motion to Vacate because Defendant should seek post-judgment relief from the Oregon court that issued the default judgment.

Although "[a] court of registration has jurisdiction to entertain motions challenging the underlying judgment" and "wide discretion" to do so, "such motions are disfavored." *F.D.I.C. v. Aaronian*, 93 F.3d 636, 639 (9th Cir. 1996) (citations omitted). "Registering courts generally prefer litigants to bring motions for postjudgment relief in the rendering court." *Id*. The reasons for this preference are grounded in public policy, including comity among the federal district courts and efficient judicial administration. *Id*. Further, "[c]ourts of appeals review with deference a registering court's decision to defer to the rendering court, if they review them at all." *Id*.

There are two instances where the court of registration is more likely to entertain a motion challenging the underlying judgment: (1) challenges for lack of personal jurisdiction, and (2) challenges based on fraud, accident, or mistake. *In re Joint E. & S. Dists. Asbestos Litig.*, 22 F.3d 755, 763 n. 16 (7th Cir. 1994); *see also Covington Indus., Inc. v. Resintex A.G.*, 629 F.2d 730, 733-34 (2d Cir. 1980). Defendants argue that the first exception applies here since without proper service of process, the Oregon court lacked personal jurisdiction. (Mot. at 15-16.) This particular jurisdictional challenge is rooted in a determination of whether service was proper under Oregon state law. *See* Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1). The Court therefore finds that comity and judicial efficiency favors having the Oregon court consider Defendant's Motion.

For the foregoing reasons, the Court declines to reach the merits of Defendant's Motion to Vacate and directs Defendant to file a new motion in the rendering forum. The Court therefore **DENIES** both Defendant's Ex Parte Application to Stay Enforcement of Judgment, as well as Defendant's Motion to

Vacate Default, and **VACATES** the February 26, 2018 hearing on the Motion to Vacate Default.

    **IT IS SO ORDERED.**